UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. SERBAY, individually
and on behalf of others similarly situated,

    Plaintiff,

v.                                                    Case No. 16-12716

DIALOGDIRECT, INC., a Delaware
corporation and ALLEGRA DIRECT
COMMUNICATIONS, INC., a
Michigan corporation,

    Defendants.                                       HON. AVERN COHN

_____/

**<u>DECISION GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT, (Doc. 6), AND STAYING PROCEEDINGS ON COUNT II</u>**

## **CONTENTS**

I.   INTRODUCTION ..................................................................................... 1
  A.  The Case ............................................................................................ 1
  B.  Motion and Disposition ..................................................................... 1
II.  BACKGROUND ....................................................................................... 1
  A.  The Complaint ................................................................................... 1
  B.  FLSA Overtime (Count I) ................................................................. 2
    1.  Start of Shift ................................................................................ 2
    2.  Lunch Break ................................................................................ 2
    3.  End of Shift ................................................................................. 2
    4.  Unpaid Overtime ......................................................................... 2
    5.  Collective Action Allegations ..................................................... 3
  C.  The Answer ....................................................................................... 3
III. MOTION .................................................................................................... 3
  A.  The Motion ........................................................................................ 4
  B.  The Response .................................................................................... 5
    1.  Arguments ................................................................................... 5
    2.  Attached Employee Declarations ................................................ 5
IV.  DISCUSSION ............................................................................................ 7
  A.  Legal Standard .................................................................................. 7
  B.  Analysis ............................................................................................. 8

## I. INTRODUCTION

### A. The Case

This is a Fair Labor Standards Act (FLSA) case. Plaintiff Jennifer Serbay, a customer service representative (CSR), claims that her former employer failed to pay her and other hourly CSR employees overtime for off-the-clock time spent logging in and out of a desktop computer containing the software programs needed to do their job.

Plaintiff was employed by defendants[1] from 2012 to January 2016.[2] A CSR answers calls from customers of defendants' clients, mostly health insurance companies. Defendants have operated[3] 14 call centers nationwide across Michigan, Wisconsin, Texas, Florida, Utah and Montana, and employ roughly 17,500 CSRs. Plaintiff was employed at a call center in Rochester Hills, Michigan.

### B. Motion and Disposition

Before the Court is a pre-discovery motion for conditional certification of a collective action defined below under the FLSA, (Doc. 6). For the reasons that follow, the motion is GRANTED. The parties shall confer as to the form of the notice to be sent to potential plaintiffs as described by the Court at oral argument.

## II. BACKGROUND

### A. The Complaint

The complaint is in two counts, as follows:

---

[1] Plaintiff was initially employed by defendant Allegra Direct Communications, Inc. (Allegra) and subsequently by defendant Dialog Direct, Inc. (Dialog Direct).

[2] The FLSA has a 2-year statute of limitations. 29 U.S.C. § 255(a). For "willful" violations, the limitations period is 3 years. *Id.*

[3] Dialog Direct is the successor in interest of Allegra.

Count I: Violation of the FLSA – Failure to Pay Overtime (29 U.S.C. § 216(b) collective action), and

Count II: Breach of Contract (Rule 23 Nationwide Class Action)[4]

### B. FLSA Overtime (Count I)

#### 1. Start of Shift

CSRs were trained to log in to a computer 10 minutes before the start of a shift. A CSR was instructed not to "clock in" for timekeeping until *after* this task was completed. The estimated login process took 5 to 15 minutes.

#### 2. Lunch Break

A CSR had a 30-minute unpaid lunch break. At the break, a CSR had to "clock out" *before* logging out of the computer. Upon return, the CSR could not "clock in" until *after* logging back in. The estimated time was 5 to 10 minutes.

#### 3. End of Shift

At the end of the shift, a CSR had to "clock out" *before* logging out of the computer. The estimated logout process took 5 to 15 minutes. The total off-the-clock login and logout time for each shift was 15 to 40 minutes.[5]

#### 4. Unpaid Overtime

A CSR typically worked at least 40 hours a week. Based on the unpaid off-the-clock time a CSR spent logging in and out of the computer, a CSR was not paid overtime in violation of the FLSA. Attached to the complaint are two pay stubs of

---

[4] Allegra has filed a motion for partial summary judgment as to Count II, (Doc. 16). Proceedings as to Count II are STAYED until further order of the Court.

[5] The complaint states a range of 10 to 30 minutes.

2

plaintiff from 2015, which plaintiff says are representative and display 40 hours of work time for a one-week period, (Docs. 1-4, 1-5).

### 5. Collective Action Allegations

Plaintiff pleads a collective action under the FLSA for a collective action of similarly situated employees of defendants as follows:

> *All similarly situated current and former hourly customer service representatives who worked for Defendants at any time during the last three years.*

Plaintiff says the factual issue of "the amount of uncompensated off-the-clock time, spent in connection with pre-shift, lunch break, and post-shift activities, owed to each employee" is unlikely to vary greatly among collective action members. (Doc. 1 at 15). Therefore, there is a common issue of "whether the off-the-clock time [a CSR] spend[s] in connection with performing pre-shift, lunch break, and post-shift activities, is compensable under the FLSA." (*Id.*).

### C. The Answer

Allegra says it ceased call center operations on October 15, 2014, and plaintiff's employment terminated December 31, 2014. (Doc. 18 at 2-4). Plaintiff says her employment continued under Dialog Direct until January 2016, when it terminated. (Doc. 1 at 7).

As to the allegations regarding off-the-clock login and logout, Dialog Direct "admits only that Plaintiff was required to log-in to certain computer applications and software programs to access information." (Doc. 22 at 7).[6]

### III. MOTION

---

[6] Dialog Direct has filed a substantive response to plaintiff's motion. Allegra has joined in Dialog Direct's defense.

3

### A. The Motion

The motion says defendants failed to pay each CSR for off-the-clock login and logout time as part of a "widespread pattern and practice" and "illegal policy" under the FLSA, and that it was the practice of defendants applicable to "all similarly situated individuals have been subject[]." (Doc. 6 at 16).

Attached to the motion is plaintiff's declaration, (Doc. 6-3), declaring:

> Defendants knew that I and other hourly CSRs regularly worked off-the-clock because they provide us training with respect to how to start-up/log-in prior to each shift, how to disconnect/reconnect to the software programs during our shifts, and how to log-out of the various programs/software subsequent to each shift. . . .
>
> During my employment with Defendants, I knew other hourly CSRs and became familiar with their job responsibilities. These individuals performed the same or similar job duties that I did and also worked off-the-clock time each day, including overtime, without being compensated properly. From my experiences, I know that all hourly CSRs were subjected to the same practices and procedures and that all of us lost wages because we were not paid properly. . . .

(Doc. 6-3 at 2, 5-6). Attached also are statements of ten opt-in plaintiffs consenting to join the putative FLSA collective action. (Docs. 37-1, 38-1, 39-1, 40-1, 41-1, 42-1).

Plaintiff asserts the declaration and complaint meet the "fairly lenient" evidentiary standard for conditional collective action certification under the FLSA. Further, there is enough to make a colorable claim that "[CSRs] were all subject[] to similar policies and procedures regarding their pay structure which manifested in Defendants failing to properly compensate them for all time worked including [overtime]." (Doc. 6 at 28-29).

4

### B. The Response

#### 1. Arguments

Defendants respond that plaintiff offers insufficient evidence, namely her own conclusory assertions in a declaration, that 13 of their call centers had login/logout and timekeeping practices for CSRs similar to those alleged to have existed at her call center. As to operations across the 14 call centers:

> Three separate subsidiaries operate the call centers. The call centers were acquired at different times in different transactions, resulting in a patchwork of different timekeeping and computer systems, customers, and work processes. Simply put, there is insufficient uniformity for collective adjudication. CSRs are trained for and assigned to specific client teams so they can be knowledgeable about the client's contract and procedures. . . . CSRs use client-specific software programs to access the clients' information . . . .

(Doc. 23 at 9-10). Plaintiff's declaration is deficient as its conclusions as to other call centers and a common policy are not based on personal knowledge. Even if the Court considered the declaration, it is insufficient as "[a] plaintiff must present evidence from multiple employees, describe her knowledge about a common policy in detail, or include other supporting evidence," citing *Arrington v. Michigan Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691 (E.D. Mich. 2011). Further, dissimilarities among potential plaintiffs will dominate the FLSA analysis. This is because "CSRs at other sites were employed by different companies, used different timekeeping systems, followed different login procedures, received different training, and used different software."

#### 2. Attached Employee Declarations

5

In support, defendants have attached 22 declarations from directors, managers, and employees at different call centers of defendants regarding the timekeeping and login/logout procedures for CSRs, (Docs. 23-2 to 23-23).

As to the Rochester Hills call center, defendants cite declarations from a supervisor and two CSRs. The declarations reflect that, for timekeeping, CSRs logged in to a phone system called "Avaya" that was separate from the desktop computer.[7]

Defendants identify 4 timekeeping systems. This includes Avaya. (*See* Doc. 23-3 ¶ 10; Doc. 23-5 ¶¶ 8-9; Doc. 23-16 ¶¶ 10-11; Doc. 23-17 ¶¶ 10-11; Doc. 23-21 ¶¶ 10-12). The "SmartCAT" system, required CSRs to log in to their computer and a timekeeping program to "clock in." (*See* Doc. 23-4 ¶¶ 6, 15; Doc. 23-8 ¶ 5; Doc. 23-9 ¶ 5; Doc. 23-10 ¶ 5; Doc. 23-11 ¶ 5; Doc. 23-12 ¶ 5; Doc. 23-19 ¶ 9; Doc. 23-20 ¶ 9). The "ADP" system, had CSRs log in to their computer and a timekeeping website to "clock in." (Doc. 23-4 ¶ 22; Doc. 23-7 ¶ 7; Doc. 23-22 ¶ 10; Doc. 23-23 ¶ 10). A system used by some of the CSRs at a Highland Park, Michigan call center had them "clock in" and "out" using a time-clock station mounted on a wall. (Doc. 23-4 ¶¶ 7, 23).

Further, as of December 2015, all 14 call centers transitioned to a single "unified" timekeeping system, "ADP Vantage." (Doc. 23 at 19). Under this system, for CSRs to "clock in," they log in to the computer and a timekeeping program.

---

[7] The declarations from the CSRs are ambiguous. One reading is that, although CSRs initially logged in to Avaya, they set the phone to "auxiliary" status and were not paid until they "activated" timekeeping after logging in to the computer (i.e., when they were ready to answer calls). In context, the terms "auxiliary" status and "activation" of timekeeping relating to Avaya appear to have multiple meanings, which has implications for payment and overtime. More fact-finding is needed to clarify these meanings.

6

## IV. DISCUSSION

### A. Legal Standard

The legal framework for conditional certification of a collective action under the FLSA has been articulated by a number of courts in this district. The Court will not restate it, and instead incorporates and adopts the recitation from *Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381, at *1-2 (E.D. Mich. 2011) (O'Meara, J.):

> Under the FLSA, an employee may sue on her own behalf and on behalf of others "similarly situated." *See Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006). Section 216(b) of the FLSA establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Id.;* 29 U.S.C. § 216(b).
>
> Certification of an FLSA action generally proceeds in two phases; the first at the beginning of discovery, and the second at the completion of discovery. *See Comer,* 454 F.3d at 546. The first stage involves conditionally certifying a class for notice purposes, so that potential plaintiffs have the opportunity to opt in. *Id.* At this stage, certification is "conditional and by no means final." *Id.* (citation omitted). "This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.,* 374 F.Supp.2d 545, 548 (E.D. Mich. 2004) (internal quotations omitted). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 584 (6th Cir. 2009).
>
> At the first stage of the analysis, the "Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Wlotkowski v. Michigan Bell Tel. Co.,* 267 F.R.D. 213 (E.D. Mich. 2010) (Edmunds, J.). Plaintiffs seek this type of conditional certification here. "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer,* 454 F.3d at 546.

A similar discussion of the above is found in *Cobus v. DuHadway, Kendall & Assocs., Inc.,* No. 13-CV-14940, 2014 WL 4181991, at *3 (E.D. Mich. 2014) (Levy, J.):

> The FLSA does not define "similarly situated." But plaintiffs must show "only that [their] position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47. Plaintiffs can meet this burden by showing that "they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 585. "Showing a unified policy of violations is not required, though." *Id.* at 584. Alternatively, plaintiffs can show their claims are "unified by common theories of defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Id.* at 585.

### B.  Analysis

Any shortfalls in support for plaintiff's motion are buttressed by the schematics of timekeeping systems requested by the Court and filed by the parties, attached as Exhibit A.  The Court recognizes that the only declaration filed in support of the motion is that of plaintiff, which cites her experience and conversations with coworkers as to defendants' practices.  That declaration does not *per se* establish that plaintiff knows of practices at the defendants' 13 other call centers, or has evidence of such practices.

Nonetheless, conditional certification is in order when considering defendants' admissions and declarations attached in response.  The declarations reflect that timekeeping practices varied by call center and client team.  Defendants acknowledge a timekeeping system across all call centers that fits the mold of plaintiff's claim enough to warrant further scrutiny.  Specifically, CSRs are required to log in to the computer and a timekeeping program to "clock in" for work.  Together with plaintiff's declaration, these submissions provide a sufficient basis for a colorable claim that a single FLSA-violating policy exists as to the CSRs at each of the call centers.

8

While defendants discuss at length differences in timekeeping methods and client-specific protocols of CSRs at different call centers, there is no explanation of how or why these differences are relevant to an FLSA overtime claim.  For instance, defendants make much over distinctions in client-specific software and information accessed by the CSRs on different client teams.  As aptly put by the court in *Gaffers v. Kelly Servs., Inc.*, No. 16-10128, 2016 WL 4445428, at *12 (E.D. Mich. 2016) (Lawson, J.) (conditionally certifying a collective action of virtual call center agents for an FLSA overtime claim as to computer "bootup" and "bootdown"), "[t]he defendants embark on a discursive survey of minutiae relating to the potential plaintiffs' job descriptions, the nature of the various products for which they provide call center support services, and a laundry list of different computer and communication programs and systems that they use."

Plaintiff need not show that CSRs on all teams and at all call centers are "identical," only that they are "similar."  Moreover, defendants admit to the basic premise of plaintiff's case—that a CSR has to log in to a computer before being paid for time at work.  This is enough to meet the "fairly lenient" evidentiary standard for conditional certification of a collective action under the FLSA.

That there are some inconsistencies between the employee declarations of defendants and the declaration of plaintiff is insufficient.  For instance, defendants say a CSR is trained not to "clock out" at the end of a shift until *after* logging out of the computer, while plaintiff says vice versa.  The Court's task is not to resolve factual disputes at stage one.  Substantive differences between the parties will be explored in depth as the case proceeds.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2017
Detroit, Michigan