# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jennifer L. Serbay,

        Plaintiff,

vs.

Dialog Direct, Inc., and Allegra Direct Communications, Inc.

        Defendants.

Case No. 16-cv-12716-AC-EAS

Hon. Avern Cohn

---

Kevin J. Stoops (P64371)
Jesse L. Young (P72614)
Matthew L. Turner (P48706)
Sommers Schwartz, P.C.
One Town Square, Suite 1700
Southfield, MI 48076
Tel: (248) 355-3000
kstoops@sommerspc.com
jyoung@sommerspc.com
mturner@sommerspc.com
Attorneys for Plaintiff

Matthew S. Disbrow (P65378)
Sean F. Crotty (P64987)
Matthew E. Radler (P80609)
Honigman Miller Schwartz & Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
Tel: (313) 465-7372
Fax: (313) 465-7373
mdisbrow@honigman.com
scrotty@honigman.com
mradler@honigman.com
Attorneys for DialogDirect, Inc.

Costanzo Z. Lijoi (P29620)
Bellanca LaBarge, P.C.
20480 Vernier Road
Harper Woods, MI 48225
(313) 882-1100
clijoi@bellanca.com
Attorneys for Allegra Direct Comm. Inc.

---

## DEFENDANT DIALOGDIRECT, INC.'S NOTICE OF PROPOSED ALTNERATIVE FLSA COLLECTIVE ACTION NOTICE

In accordance with the Court's directives on the record, at the February 1, 2017 status conference, Defendant DialogDirect, Inc. ("DialogDirect") hereby submits the attached alternative proposed Notice of FLSA collective action (the "Notice"). *See* Exhibit A. Per the Court's request, the Notice is submitted as a redlined document, which highlights DialogDirect's proposed changes to Plaintiff's draft notice. As further directed by the Court, set forth below is a summary of the revisions proposed in the Notice and citations to authority supporting DialogDirect's position as to each such revision.

**A.      Issue 1:  The Proper Scope of the Putative Collective Action**

In the "TO" paragraph on page 1 of the Notice, as well as in Paragraphs 3, 4 and 10, DialogDirect requests that the Court strike the word "or" from language describing the scope of the putative FLSA collective group because the scope of the group can only include employees who worked for both Allegra ***and*** DialogDirect, not merely either Defendant. As set forth in in DialogDirect's Motion to Strike Consents of Opt-in Plaintiffs and Dismiss Their Claims (ECF # 45), individuals who never worked for Allegra prior to its assets' acquisition by an affiliate of DialogDirect do not have statutory or Article III standing to sue Defendants jointly and severally as joint employers. *See Whaley v. Henry Ford Health Sys.*, 172 F. Supp. 3d 994, 1000-01 (E.D. Mich. 2016) (Lawson, J.) (determining whether plaintiff had standing before addressing scope of collective action) (Exhibit B);

*Crumbling v. Miyabi Murrells Inlet*, LLC, 192 F. Supp. 3d 640, 646-47 (D.S.C. 2016) ("For standing purposes, the Court must determine whether each defendant could be held liable to each plaintiff" and dismissing portions of FLSA case where plaintiffs did not work for a given corporate defendant) (emphasis added) (Exhibit C); *Brunner v. Jimmy John's, LLC*, 14-C-5509, 2015 WL 5086388, at *3-4 (N.D. Ill. Aug. 19, 2015) (dismissing claims by plaintiffs attempting to represent employees at franchises where the plaintiffs never worked) (Exhibit D).

Additionally, in her Complaint, Plaintiff only pled claims based on a joint employer relationship between Allegra and DialogDirect. Thus, those individuals who opt into the FLSA collective action must – of legal necessity – have standing to assert claims against all Defendants on all claims, not merely with respect to one defendant or one claim. *See Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (Exhibit E); *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 337-38 (W.D.N.Y. 2014) (Exhibit F); *Ware v. T-Mobile USA*, No. 3:11–cv–0411, 2012 WL 4506019, at *3-4 (M.D. Tenn. Oct. 2, 2012) (Exhibit G). Because Plaintiff's case is premised on claims against both Allegra and DialogDirect as her joint employers, each opt-in plaintiff must have worked for both Defendants to have standing to participate in Plaintiff's collective action. Accordingly, the FLSA collective action notice must be limited to potential plaintiffs who worked for DialogDirect <u>and</u> Allegra, not DialogDirect <u>and/or</u> Allegra.

**B.     Issue 2:  Disclosure of Plaintiffs' Potential to Share Liability for Costs**

In Paragraph 5, DialogDirect asks the Court to include a short provision informing potential opt-in plaintiffs of their possible obligation to pay a portion of the costs of this litigation if Plaintiff and the putative collective do not prevail on their claims.  While Plaintiff argues these amounts would be negligible and such disclosures could have a "chilling effect" on opt-in rates, their position has been rejected by other courts in the Sixth Circuit, including the Eastern District of Michigan.  Indeed, courts in this Circuit repeatedly have held that the notice should explain potential exposure to costs. *See Knispel v. Chrysler Group LLC*, No. 11–11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) (Cox, J.) ("[P]otential plaintiffs, in order to make an informed decision about whether to opt-in, should be made aware that there is a possibility that they may be liable for a defendant's costs of litigation.") (citation and internal quotation marks omitted) (Exhibit H); *Snide v. Discount Drug Mart*, No. 1:11CV0244, 2011 WL 5434016, at *6 (N.D. Ohio Oct. 11, 2011) (Exhibit I); *Heaps v. Safelite Solutions, LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *8 (S.D. Ohio Apr. 5, 2011) (Exhibit J).  In short, full disclosure of potential obligations should be required regardless of the amount at issue.

**C.     Issue 3:  Protecting Employee Privacy by Restricting Disclosure of Information to the Third-Party Administrator**

In Paragraph 8, DialogDirect asks the Court to restrict disclosure of employee identification and contact information to the third-party claims administrator to

4

protect employee privacy and safeguard against improper contact and tampering with putative class members. Moreover, the requested revisions similarly provide that consent forms should be submitted to a third-party claims administrator, rather than Plaintiff's counsel. Plaintiff seeks a large amount of personal data regarding current and former employees who they currently do not represent, including class members' dates of birth, e-mail addresses, and phone numbers. Yet, Plaintiff concedes that she will use a claims administrator once her counsel receives this information to distribute notices. Given the breadth and private nature of the information requested (and because class notice is a judicially supervised process, not a typical discovery process) use of and disclosure to a neutral administrator is proper and best balances privacy concerns against opt-in rights. *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 766-67 (N.D. Ill. 2011) (approving use of third-party administrator in lieu of production to plaintiff's counsel, and noting "if a third-party administrator were to be designated to issue the notices, it is unclear why Plaintiff would need the requested information.") (Exhibit K); *see also Russell v. Wells Fargo & Co.*, No. C 07-3993 CW, 2008 WL 4104212, at *5 & n.3 (N.D. Cal. Sept. 3, 2008) (ordering use of third-party administrator and noting that production of contact information for notice purposes is not governed by discovery standards, where plaintiff's counsel is entitled to information) (Exhibit L).

D.     **Issue 4: Method of Notice Should Be Limited to U.S. Mail**

Finally, although not requiring any revisions to the notice and consent form, the parties further dispute the proper methods of notice.  Plaintiff contends that notice by mail, e-mail and text message is appropriate for a 60-day notice period, but Plaintiff has made no showing why notice by mail is inadequate.  Courts in this Circuit require a party to make a specific showing as to why notice by additional means is necessary, with notice by mail as the default method.  *See Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp. 3d 1063, 1073 (S.D. Ohio 2016) (Exhibit M). "Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, No. 1:12–CV–599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (Exhibit N). DialogDirect's position is that notice by mail, with a 60-day opt-in period, is proper and should be the only notice method.

                                        Respectfully submitted,


                                        By*:   /s/ Matthew S. Disbrow*_____
                                        Matthew S. Disbrow (P65378)
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226-3506

Dated: February 22, 2017

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2017, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system, which will provide electronic notice to all counsel of record.

                Respectfully submitted,

                HONIGMAN MILLER SCHWARTZ AND COHN LLP
                Attorneys for DialogDirect, Inc.

                By:  /s/ *Matthew S. Disbrow*
                   Matthew S. Disbrow (P65378)
                2290 First National Building
                660 Woodward Avenue
                Detroit, MI 48226-3506
                (313) 465-7372
                mdisbrow@honigman.com