UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. SERBAY, individually
and on behalf of others similarly situated,

 Plaintiff,

v.                Case No. 16-12716

DIALOGDIRECT, INC., a Delaware
corporation and ALLEGRA DIRECT
COMMUNICATIONS, INC., a
Michigan corporation,

 Defendants.          HON. AVERN COHN

_____/

## I. INTRODUCTION

This is a Fair Labor Standards Act (FLSA) case. Plaintiff Jennifer Serbay, a customer service representative (CSR), claims that her former employer failed to pay her and other hourly CSR employees overtime for off-the-clock time spent logging in and out of a desktop computer containing the software programs needed to do their job.

Serbay was employed by defendant Allegra Direct Communications, Inc. (Allegra) and then by defendant Dialog Direct, Inc. (Dialog Direct), which acquired Allegra.

## II. PROCEDURAL HISTORY

On July 29, 2016, Serbay moved for conditional certification of a nationwide collective action of 17,500 CSRs working at Dialog Direct's 14 call centers in Michigan, Wisconsin, Texas, Florida, Utah and Montana. (Doc. 6 at 10-17).

In response, Dialog Direct acknowledged Serbay "ask[ed] the Court to certify a nationwide" collective action "covering approximately 17,500 individuals at 14 call centers." (Doc. 23 at 9-10). Dialog Direct said timekeeping practices at the centers, each operated by 1 of 3 subsidiaries, were too dissimilar for certification. (*Id.* at 9-33).

On January 17, 2017, the Court granted the motion and certified a class of:

> All similarly situated current and former hourly customer service representatives who worked for Defendants at any time during the last three years.

(Doc. 43 at 3). The Court considered timekeeping at the 14 call centers and found that conditional certification was appropriate. (*Id.* at 8, 10-11).

### III.    PENDING MOTIONS

On January 30, 2017, Dialog Direct moved to strike consent forms filed by various opt-in plaintiffs to join the suit and to dismiss their claims. (Doc. 45). Dialog Direct says the forms must be stricken as the collective action covers only persons employed by *both* Allegra *and* Dialog Direct, not one or the other. (*Id.* at 13-18).

On February 23, 2017, Serbay moved to amend her complaint. (Doc. 58). Serbay seeks to add more subsidiaries of Dialog Direct as parties and clarify that her allegations extend to all subsidiaries owned by Dialog Direct. (*Id.* at 11-15). The substantive counts remain the same. (*Id.* at 42-50).

On March 7, 2017, the Court entered an Order Regarding Pending Motions. (Doc. 61). The order stated "[t]he collective action includes persons employed as [CSRs] at the call centers of one or both of the defendants" since July 21, 2013. (*Id.*).

## IV.     DISPOSITION

In its motion to strike, Dialog Direct misconstrues the collective action to include only CSRs employed by *both* Allegra *and* Dialog Direct.  This adds a necessary condition not present in the Court's decision and narrows the scope of the collective action already certified—the one Serbay sought and Dialog Direct opposed.  Because the motion erroneously interprets and re-litigates a ruling of the Court, it is DENIED.

Serbay's motion for leave to amend the complaint, filed in response to the motion to strike, is unnecessary.  The proposed complaint contains the same substantive counts.  The only difference is cosmetic—it names additional subsidiaries of Dialog Direct, the parent of the entities which operate the 14 call centers, and describes how Dialog Direct is directly liable.  The Court already has certified a nationwide collective action consisting of all call centers of Dialog Direct.  There is no need for the proposed amendments.  The motion is DENIED without prejudice.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2017
        Detroit, Michigan

3