UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. SERBAY, individually
and on behalf of others similarly situated,

    Plaintiff,

v.                                                                   Case No. 16-12716

DIALOGDIRECT, INC., a Delaware
corporation and ALLEGRA DIRECT
COMMUNICATIONS, INC., a
Michigan corporation,

    Defendants.                                      HON. AVERN COHN

_____/

## ORDER DENYING WITHOUT PREJUDICE ALLEGRA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT II, (Doc. 16)

**I.**

This is a wage-hour case. Plaintiff Jennifer Serbay, a customer service representative (CSR), claims her former employer failed to pay her and other hourly CSRs for off-the-clock time spent logging in and out of their desktop computers.

Serbay was employed by defendant Allegra Direct Communications, Inc. (Allegra) and then defendant Dialog Direct, Inc. (Dialog Direct), which acquired Allegra.

The complaint states both a claim under the Fair Labor Standards Act (FLSA) regarding unpaid overtime (Count I) and a claim for breach of employment contracts to the extent CSRs were not paid for all time worked but over minimum wage (Count II).

**II.**

On July 29, 2016, Serbay filed a motion for conditional certification of a collective action under the FLSA with respect to Count I, (Doc. 6).

On September 23, 2016, Allegra filed a motion for partial summary judgment with respect to Count II, (Doc. 16).

On January 17, 2017, the Court entered a:

- Decision Granting Plaintiff's Motion for Conditional Certification of a Collective Action under the Fair Labor Standards Act, (Doc. 6), and Staying Proceedings on Count II

(Doc. 43). The Court conditionally certified a collective action as to Count I and stated "[p]roceedings as to Count II are STAYED until further order of the Court." (*Id.* at 4 n.4).

**III.**

The Court approved plaintiff's proposed opt-in notices and entered an order as to collective action procedures. (Doc. 65). The notices are to be mailed to potential plaintiffs by a claims administrator; signed consent forms are to be filed with the Court.

**IV.**

Because the Court has conditionally certified an FLSA collective action with respect to Count I (as to Allegra and Dialog Direct), and because the Court has stayed all proceedings with respect to Count II (as to Allegra and Dialog Direct) until collective action procedures are completed, the record is not ripe to review Allegra's motion for partial summary judgment as to Count II, (Doc. 16). The motion is DENIED without prejudice to Allegra's right to re-file the motion once the stay on Count II is lifted.

2

SO ORDERED.

                                              <u>s/Avern Cohn</u>
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2017
        Detroit, Michigan