UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. SERBAY, individually
and on behalf of others similarly situated,

    Plaintiff,

v.                                           Case No. 16-12716

DIALOGDIRECT, INC., a Delaware
corporation and ALLEGRA DIRECT
COMMUNICATIONS, INC., a
Michigan corporation,

    Defendants.                             HON. AVERN COHN

_____/

## **JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiff Jennifer L Serbay ("Serbay") and the Opt-In Plaintiffs alleging they are similarly situated with Serbay (collectively "Plaintiffs"), and Defendants DialogDirect, Inc. ("DialogDirect") and Allegra Direct Communications, Inc. ("Allegra") (collectively "Defendants"), by and through their attorneys, and pursuant to 29 U.S.C. § 216, file this Joint Motion to Approve Settlement, and in support thereof state as follows:

1.     The case at bar is a complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

25721293.3

2. In particular, Serbay initiated this action on July 21, 2016 by filing a complaint against Defendants in this Court and alleging that Defendants violated the FLSA and Michigan contract law by failing to pay Plaintiffs straight-time and overtime wages for "off the clock" work.

3. Defendants denied all allegations and liability alleged in the Complaint and, on September 23, 2016, timely filed their respective Answers and Affirmative Defenses.

4. On January 17, 2017, the Court granted conditional certification of the proposed FLSA collective action for the purpose of sending notice of the lawsuit to potential opt-in plaintiffs.

5. On April 18, 2017, the Court entered a stipulated order regarding the collective-action notice procedures. Among other things, the procedures set the date for the close of the opt-in period 60 days after the mailing of notices regarding this case. As stated in the approved notice, the opt-in period closed on July 31, 2017.

6. During the opt-in period, numerous current and former employees filed forms consenting to participate in this lawsuit as opt-in plaintiffs. Approximately 2,239 consent forms where filed with the Court.

7. In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties participated in two private mediation sessions with the Honorable Steven Rhodes (on June 1, 2017 and July 26, 2017) and

negotiated an early resolution of the matter. Importantly, throughout the entirety of the resolution process, all Parties were represented by competent counsel.

8. The Parties have agreed to a settlement amount and, in exchange for DialogDirect paying such amount, Plaintiffs agree to release Defendants from further liability relating to the claims asserted in this case, as further set forth in the Settlement Agreement, which will be provided to the Court for *in camera* review, at the place and time set for a hearing on this matter by the Court.

9. The Parties agree the settlement amount is a fair settlement of a *bona fide* dispute and a reasonable compromise of the disputed claims asserted in this matter.

10. Case law interpreting the FLSA requires court approval of any settlement agreement. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

11. The parties now wish for this Court to review and approve the Settlement Agreement.

12. The parties jointly seek this relief from the Court.

WHEREFORE, Plaintiffs and Defendants respectfully request that this Honorable Court enter an Order approving the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| */s/Matthew L. Turner_(w/ consent)* <br> Jesse L. Young (P72614) <br> Matthew L. Turner (P48706) <br> Sommers Schwartz, P.C. <br> One Town Square, Suite 1700 <br> Southfield, MI 48076 <br> Tel: (248) 355-3000 <br> jyoung@sommerspc.com <br> mturner@sommerspc.com <br> Attorneys for Plaintiff | */s/ Matthew S. Disbrow*_____ <br> Matthew S. Disbrow (P65378) <br> Sean F. Crotty (P64987) <br> Matthew E. Radler (P80609) <br> Honigman Miller Schwartz & Cohn LLP <br> 660 Woodward Avenue <br> Detroit, MI 48226 <br> Tel: (313) 465-7372 <br> Fax: (313) 465-7373 <br> mdisbrow@honigman.com <br> scrotty@honigman.com <br> mradler@honigman.com <br> Attorneys for DialogDirect, Inc. |
| | */s/Costanzo Z. Lijoi_(w/consent)*_____ <br> Costanzo Z. Lijoi (P29620) <br> Bellanca LaBarge, P.C. <br> 20480 Vernier Road <br> Harper Woods, MI 48225 <br> (313) 882-1100 <br> clijoi@bellanca.com <br> Attorneys for Allegra Direct Comm. Inc. |

Dated: October 10, 2017

4

25721293.3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. SERBAY, individually
and on behalf of others similarly situated,

    Plaintiff,

v.                                                            Case No. 16-12716

DIALOGDIRECT, INC., a Delaware
corporation and ALLEGRA DIRECT
COMMUNICATIONS, INC., a
Michigan corporation,

    Defendants.                                          HON. AVERN COHN

_____/

**BRIEF IN SUPPORT OF JOINT MOTION**
**TO APPROVE SETTLEMENT**

25721293.3

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................1

      A.    Serbay Files Her FLSA Complaint, which Defendants Deny on All Grounds ........................................................................................................1

      B.    The Court Conditionally Certifies an FLSA Collective Action ..............2

      C.    The Parties Engage in Mediation and Agree to Settle this Case .............3

III.  ARGUMENT ..........................................................................................................5

      A.    The Standard of Review for Approving FLSA Settlements ...................5

      B.    The Proposed Settlement Represents a Reasonable Compromise of Disputed Claims ...........................................................................................5

      C.    Plaintiffs' Counsel's Negotiated Fees and Costs Should Be Approved ..................6

IV.  CONCLUSION ......................................................................................................7

## STATEMENT OF ISSUES PRESENTED

Whether the Court should approve the settlement agreement between the parties related to Plaintiffs' Fair Labor Standards Act lawsuit?

        Plaintiffs Answer:  Yes
        Defendants Answer:  Yes
    This Court Should Answer:  Yes

## STATEMENT OF CONTROLLING AUTHORITY

29 U.S.C. §201 *et seq*.

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)

#### I.  INTRODUCTION

Plaintiff Jennifer L Serbay ("Serbay"), and those Opt-In plaintiffs alleging they are similarly situated with Serbay (collectively "Plaintiffs"), and Defendants DialogDirect, Inc. ("DialogDirect"), and Allegra Direct Communications, Inc. ("Allegra") (collectively "Defendants"),[1] by and through their respective counsel, have negotiated a fair and reasonable settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"). The Parties now ask this Court to review and approve that settlement.

#### II.  STATEMENT OF FACTS

A. **Serbay Files Her FLSA Complaint, which Defendants Deny on All Grounds**

Serbay initiated this action on July 21, 2016, by filing a complaint against Defendants in this Court. In her Complaint, Serbay alleged that she and other similarly-situated customer service representatives ("CSRs") are entitled to additional straight-time pay and overtime compensation under the FLSA and Michigan law for the time Serbay alleges CSRs spent logging into and out of company computer systems that was not recorded in Defendants' timekeeping systems. ECF # 1. Accordingly, the Complaint sought back-wages and liquidated damages for Serbay and other similarly-situated CSRs. *Id.* Further, pursuant to Fed.

---

[1] Plaintiffs, DialogDirect, and Allegra collectively will be referred to hereafter as the "Parties."

25721293.3

R. Civ. P. 23, Serbay alleged a claim for breach of contract for the same unpaid wages on behalf of a nationwide class of CSRs. *Id.*

Defendants denied all allegations and liability alleged in the Complaint. On September 23, 2016, Defendants timely filed their respective Answers and Affirmative Defenses. *See* ECF # 18 & 22. Among other things, Defendants denied that Serbay, or any other CSRs, worked any alleged "off the clock" time. Defendants also denied that Serbay could pursue her claims as a class or collective action. *Id.*

**B.    The Court Conditionally Certifies an FLSA Collective Action**

On January 17, 2017, the Court granted conditional certification of the proposed FLSA collective action for the purpose of sending notice of the lawsuit to potential opt-in plaintiffs. ECF # 43. On April 18, 2017, the Court entered a stipulated order regarding the collective-action notice procedures. Among other things, the procedures set the date for the close of the opt-in period 60 days after the mailing of notices regarding this case. ECF # 65. As stated in the approved notice, the opt-in period closed on July 31, 2017.

During the opt-in period, numerous current and former CSRs filed forms consenting to participate in this lawsuit as opt-in plaintiffs. *See, e.g.*, EFC # 68 *through* # 97. Approximately 2,239 consent forms where filed with the Court. However, some of those forms were duplicative or related to individuals who either

did not work for either of the Defendants or did not have any claim during the three year period set forth in the court-ordered notice.

C. **The Parties Engage in Mediation and Agree to Settle this Case**

In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties participated in two private mediation sessions with the Honorable Steven Rhodes (on June 1, 2017 and July 26, 2017). Among the issues discussed during mediation were the following:

(i) The number of Opt-In Plaintiffs;

(ii) The applicable statute of limitations;

(iii) The various timekeeping systems at issue;

(iv) Whether this case would proceed as a collective action or Rule 23 class action (or whether motions for final certification would be denied);

(v) Whether Serbay or any other Plaintiffs actually worked any unpaid time;

(vi) The amount of time it takes to log into and out of various computer systems;

(vii) Whether Plaintiffs' claims would result in overtime claims given the amount of time they actually worked on a weekly basis;

(viii) Whether Plaintiffs' claims were barred by the *de minimis* doctrine;

(ix) Whether the time spent in training could be included in this case, given that CSRs used paper timesheets during their training periods, and not computer-based timekeeping systems as alleged in the Complaint; and

(x) Whether Plaintiffs raised viable claims under Michigan contract law.

Importantly, throughout the entirety of the process, all Parties were represented by competent counsel.

3

25721293.3

Following mediation, the Parties reached an agreement to settle this case, which took into account all of the disputed issues set forth above, as well as other relevant matters. As detailed in the proposed Settlement Agreement, which the Parties have agree to submit to the Court for *in camera* review, Serbay and the Participating Opt-Ins who will receive settlement funds have agreed to release their claims alleged in the Complaint, and dismiss this case in its entirely, in exchange for DialogDirect paying a significant settlement amount.

Non-Participating Opt-In Plaintiffs are those individuals who filed consent forms, but who, based on Defendants' records:

(a) did not work for either of the Defendants at any time;

(b) worked only as a trainee during the 2 statute of limitations period (i.e., worked six weeks or less), given that during which training time DialogDirect used paper timesheets that are not at issue in the complaint;

(c) who never worked overtime hours in a single workweek during the 2-year statutory period; or

(d) whose claims fall entirely outside a 2-year statute of limitations.

Under the Settlement Agreement, the Parties have worked together to identify all Non-Participating Opt-In Plaintiffs (as defined above). Upon entry of the Court's Approval Order, Plaintiffs' counsel will file a notice of withdrawal of the consent forms for all Non-Participating Opt-In Plaintiffs, which will have the effect of dismissing the claims of Non-Participating Opt-In Plaintiffs without prejudice.

The agreed settlement represents a fair resolution and a reasonable compromise of hotly disputed claims.

### III.     ARGUMENT

A.     <u>**The Standard of Review for Approving FLSA Settlements**</u>

Settlements under the FLSA must either be approved by the Department of Labor or the Court. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In determining whether to approve a settlement, a Court must consider whether it is fair, just and reasonable. *Williams, 720 F.2d at 921*. To do so, the Court must look at the fairness of the decree to those affected, the adequacy of the settlement and the public interest. *Id.* Further, settlement may be approved by the Court to promote the policy of encouraging settlement when the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores*, 679 F.2d at 1354.

B.     <u>**The Proposed Settlement Represents a Reasonable Compromise of Disputed Claims**</u>

In the present case, it is clear that the settlement being proposed is fair and reasonable. In salient part, the Parties, all represented by experienced counsel, have agreed to a settlement of the wages Plaintiffs claim they were owed. There is a *bona fide* dispute as to whether Plaintiffs actually worked any additional time for which they did not receive proper compensation. Additionally, there is a *bona fide*

5

dispute as to whether or not this case actually would be finally certified as a collective action.

Further litigation of Plaintiffs' claims would have required significant additional resources. Moreover, because Defendants have denied all liability and asserted numerous defenses including defenses that could have meant no recovery for Plaintiffs if successful, proceeding with litigation would not have guaranteed a favorable result for any of the Parties. Indeed, the result would have been contested, absent this settlement, and, therefore, the Parties obtain certainty of resolution.

As to the vindication of the public interest, the settlement also promotes both judicial economy and the public good. Further, the Court will not be compelled to devote substantial time to litigate a contested FLSA case.

### C.     **Plaintiffs' Counsel's Negotiated Fees and Costs Should Be Approved**

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

Here, Plaintiffs believe that their counsel's attorneys' fees are reasonable given the complex legal theories presented in the case and the amount of resources

expended to investigate, research, and analyze Plaintiffs' claims. Specifically, Plaintiffs' counsel spent a significant amount of time obtaining conditional certification, getting the notice to the putative collective members, and speaking with potential plaintiffs and identifying their claims. Additionally, Plaintiffs' counsel responded to Motions to Dismiss filed by Defendants, investigated other potential claims and filed numerous consent forms, engaged in an extensive damage model analysis, engaged in a lengthy settlement negotiation and mediation process, reviewed hundreds of documents related to the claims and defenses in this case, negotiated the settlement agreement, and filed the instant motion. These activities are necessarily time consuming.

With respect to costs, Plaintiffs' counsel retained a notice administrator to handle the mailing of notice to the putative collective members. Plaintiff's counsel also retained a firm to create a damage model based on the data produced in this case, which was ultimately used at mediation to reach a settlement.

Plaintiffs submit that their attorneys' fees and costs are more than reasonable and should be approved.

### IV.   CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the proposed settlement of this case, which will be submitted to the Court for *in camera* review at the date and time set by the Court, and dismiss the

case in its entirety, with each party bearing its own costs and attorneys' fees, except as otherwise set forth in the Parties' Settlement Agreement.

                Respectfully submitted,

                HONIGMAN MILLER SCHWARTZ AND COHN LLP

| /s/Matthew L. Turner (w/consent) | /s/ Matthew S. Disbrow |
|---|---|
| Jesse L. Young (P72614) | Matthew S. Disbrow (P65378) |
| Matthew L. Turner (P48706) | Sean F. Crotty (P64987) |
| Sommers Schwartz, P.C. | Matthew E. Radler (P80609) |
| One Town Square, Suite 1700 | Honigman Miller Schwartz & Cohn LLP |
| Southfield, MI 48076 | 660 Woodward Avenue |
| Tel: (248) 355-3000 | Detroit, MI 48226 |
| jyoung@sommerspc.com | Tel: (313) 465-7372 |
| mturner@sommerspc.com | Fax: (313) 465-7373 |
| Attorneys for Plaintiff | mdisbrow@honigman.com |
| | scrotty@honigman.com |
| | mradler@honigman.com |
| | Attorneys for DialogDirect, Inc. |

                /s/Costanzo Z. Lijoi (w/consent)
                Costanzo Z. Lijoi (P29620)
                Bellanca LaBarge, P.C.
                20480 Vernier Road
                Harper Woods, MI 48225
                (313) 882-1100
                clijoi@bellanca.com
                Attorneys for Allegra Direct Comm. Inc.

Dated: October 10, 2017

25721293.3

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017 I electronically filed with the Clerk of the Court using the electronic filing system the Joint Motion to Approve Settlement, Brief in Support of Joint Motion to Approve Settlement and Certificate of Service which will send notification of such filing to all attorneys of record.

/s/ Matthew S. Disbrow
Matthew S. Disbrow (P65378)
Honigman Miller Schwartz & Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
Tel: (313) 465-7372
Fax: (313) 465-7373
mdisbrow@honigman.com